Wash, J.
dissenting.
I dissent from=the opinion of the Court. Eooking.at the record, I am not satisfied with the verdict of the jury. As a juror, I woukflnot have concurred in rendering, it; and as the Judge of the Circuit Court, I should' probably, have granted a new trial. But the question is now a different one. This Court will control the Circuit» Court in the exercise of its discretion in those cases only, where it can-see that that discretion has been clearly' abused. In this case if the finding of the jury be improper, it is so because they have found without sufficient evidence, and not because they have found against evidence or the weight of evidence. The evidence on the part of the plaintiff shows that Eenton contracted for a note -on John McMiclde, and if the note left at Dr. Bennet’s was signed by John McMiclde, it was in fact and in-law a note on John McMiclde, though signed by the name of John Miclde. There was a good deal of evidence (not very direct it is admitted) tending to show the note left at Dr. BennePs was the identical note contracted for; and not a tittle of evidence to show that it was not the note intended. Under the instructions of the Court properly given, the jury weighed the sufficiency of the proof, as was their province to do, and found in effect that it was the note contracted for, and there is nothing shown to preclude the jury from so finding reasonably. A mere dissatisfaction with the finding of the jury, will nobin many cases authorize the Circuit Court to set aside the ver--diet and grant a new trial;, and where we cannot see plainly that the finding has-been against evidence, or without any evidence at all, we should take it that the Circuit Court has exercised-’its discretion soundly in refusing the new-trial..